# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11203
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUSTIN BENEDICT MORALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CR-20-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Justin Benedict Morales appeals his within-guidelines sentence of 235 months following his guilty plea conviction for transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). Morales argues that the district court imposed an unreasonable sentence of 235 months by applying the child pornography guideline enhancements of U.S.S.G. § 2G2.2 for use of a computer and possession of more than 600 images. He contends that these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancements are not supported by empirical evidence and do not distinguish between varying levels of culpability among offenders.

We review sentences for reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Morales's claim that § 2G2.2 lacks an empirical basis, and, therefore, fails to distinguish between the least culpable and most culpable defendants, is foreclosed by our precedent. *See United States v. Miller*, 665 F.3d 114, 121–22 (5th Cir. 2011).

Arguing that his sentence is substantively unreasonable, Morales contends that although these enhancements may be appropriate in egregious cases, their application resulted in an unreasonably long sentence under the facts of his case. He contends that the district court failed to recognize the specific circumstances of his case and abused its discretion by failing to impose a below-guidelines sentence. He argues that these enhancements have little or no value in determining a sentence that is sufficient but not greater than necessary to achieve the sentencing goals of § 3553(a). Further, he argues that the facts of his offense suggest a lower culpability than that suggested by the guideline range.

The district court considered Morales's personal history and characteristics and the other statutory sentencing factors in § 3553(a).

No. 15-11203

Morales's disagreement with the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Cooks*, 589 F.3d at 186. He has not demonstrated that the district court abused its discretion by sentencing him to a within-guidelines sentence of 235 months. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.